UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN PEARCE, individually and
as next friend of BABY B, her infant
child,

    Plaintiff,                      CIVIL ACTION NO. 16-cv-11499

    v.                           DISTRICT JUDGE GEORGE CARAM STEEH

MICHAEL EMMI,           MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SHOW CAUSE HEARING [14]

This matter is before the Court on Plaintiffs' Motion for Show Cause Hearing against Nest Labs, Inc.[1] (Docket no. 14.) Nest Labs, which is not a party to this action, did not file a response. This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 24.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    Background

Plaintiffs Megan Pearce and her infant child filed this action against Defendant Hazel Park Police Officer Michael Emmi, in his individual capacity, on April 26, 2016. They assert claims under 42 U.S.C. § 1983, the Federal Wiretapping Act, and provisions of Michigan state law. (Docket no. 1.) They allege that Defendant Emmi viewed Plaintiff Pearce, in the nude,

---

[1] Also before the Court is Plaintiffs' Motion to Extend Discovery Deadlines (docket no. 38), which the Court will address separately.

breastfeeding her child on two occasions through a "Nest Cam" that Plaintiff Pearce installed in the child's nursery.

According to Plaintiff Pearce, the Nest Cam is a motion-sensitive security camera that allows users to monitor their homes remotely using a cell phone or other device that connects to the Internet. Users receive a notification through their device whenever the Nest Cam is activated, and, when a user is monitoring the Nest Cam's feed through their device, an external light on the Nest Cam flashes. (*Id.* at 2.) The Nest Cam also "retains IP address logs regarding device access." (Docket no. 14 at 2.) Plaintiff Pearce claims that the only devices which had access to her Nest Cam were her cell phone, her iPad, and the cell phone belonging to her fiancé, Cody Fuhrman, who is also the child's father. Mr. Fuhrman had recently been arrested on March 2, 2016, in connection with a marijuana growing operation, and had his cell phone seized by the Oakland County Sheriff's Office. Defendant Emmi participated in the execution of the search warrant on Mr. Fuhrman's property, along with other officers from the Hazel Park Police Department and the Oakland County Task Force Narcotics Enforcement Team. (Docket no. 1 at 4.)

Plaintiff Pearce claims that, as she was breastfeeding her child, she noticed that the Nest Cam light began to flash, indicating that a device was connected to the camera's feed. Because she was in possession of her own phone and iPad, she believed that the device was Mr. Fuhrman's cell phone. She then allegedly looked up the location of the phone using the "Find my iPhone" application, and discovered that Mr. Fuhrman's phone was located in what was revealed to be the residence of Defendant Emmi. (*Id.* at 2-3.) At that point, she claims that she attempted to "disable the phone's monitoring capability, and thought she was successful." (*Id.* at 3.) Later that evening, however, also while breastfeeding her child, Plaintiff Pearce claims that

she noticed the external light began flashing again. This time, she was on the phone with her brother and allegedly exclaimed, "Oh my God, someone is watching me again!" She claims that immediately thereafter, the light stopped flashing, indicating that the device was disconnected from the Nest Cam. (Docket no. 1 at 3.)

On July 8, 2016, Plaintiffs served a subpoena on Nest Labs, Inc. (which produces the Nest Cam), pursuant to Federal Rule of Civil Procedure 45. (Docket no. 14-1.) In the subpoena, Plaintiffs request the "IP address and monitoring log information for every device connected to" Plaintiff Pearce's Nest Cam and "Nest Cam thermostat" from March 1, 2016 through March 8, 2016, "including the time stamp" and other information. Plaintiff also requests "all store[d] video and audio footage from any access, interface or monitoring of these devices." (*Id.* at 4.) The requested information was to be produced to Plaintiffs' counsel by 5:00 a.m. on July 22, 2016, but Nest Labs never responded. Plaintiffs then filed their instant Motion for Show Cause Hearing Against Nest Labs, Inc., to which Nest Labs also did not respond. (Docket no. 14.)

## II.     Plaintiffs' Motion for Show Cause Hearing

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties. Rule 45(e) provides that the "issuing court may [on its own or on a party's motion] hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). Nest Labs was properly served with Plaintiffs' subpoena in this matter, and it failed to properly produce the requested materials and information. Nest Labs has filed no objection to the subpoena, has not moved to quash the subpoena, and has not responded to Plaintiffs in any manner. Therefore, the Court will grant Plaintiffs' Motion, and will order a representative from Nest Labs to appear and show cause why Nest Labs should not be held in contempt of court for its failure to produce the

materials as directed.  The Court will also order Nest Labs to produce the requested materials at or before the time of the hearing.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Show Cause Hearing Against Nest Labs, Inc. [14] is **GRANTED**.

A representative from Nest Labs, Inc. is ordered to appear on April 12, 2017 at 10:00 am in Room 642 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan **and show cause why Nest Labs, Inc. should not be held in contempt of court for its failure to produce materials in response to a subpoena** by 5:00 a.m. on July 22, 2016.

Nest Labs, Inc. is further ordered to produce the information and documents requested in the subpoena at or before the hearing on April 12, 2017.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 9, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  February 9, 2017        s/ Lisa C. Bartlett
                                Case Manager