UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN PEARCE, individually
and as NEXT FRIEND of
BABY B, her infant child,

        Plaintiff,

vs.

        Case No. 16-11499
        HON. GEORGE CARAM STEEH

MICHAEL EMMI,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION, (DOC. 51), AND VACATING PORTIONS OF THE COURT'S OPINION AND ORDER (DOC. 53) GRANTING IN PART AND DENYING IN PART DEFENDANT AND NON-PARTY THE OAKLAND COUNTY SHERIFF'S OFFICE'S MOTION FOR RECONSIDERATION/OBJECTION TO MAGISTRATE'S OPINION AND ORDER (DOC. 41)

This matter is presently before the Court on plaintiff Megan Pearce's Motion for Clarification of the Court's Ruling on Defendant's Motion for Reconsideration and for Protection Order and Sanctions. (Doc. 51). This motion arises from a series of filings related to collecting evidence stored on Cody Fuhrman's iPhone. Plaintiff filed a Motion to Compel the Oakland County Sheriff's Office (OCSO) to Comply with the Subpoena to Produce Fuhrman's iPhone. (Doc. 15). Magistrate Judge Majzoub issued an order granting plaintiff's motion February 9, 2017. (Doc. 39). Defendant Michael Emmi and non-party OCSO thereafter filed a Motion for Reconsideration.

- 1 -

(Doc. 41). The Court vacated the order in part and requested additional briefing on the Motion for Reconsideration. (Doc. 43). Additional briefs were filed, (Doc. 44, 45), and oral argument was held on March 28, 2017. The Court took the motion under advisement and encouraged the parties to come to a solution on their own. Plaintiff filed a "Motion for Clarification of the Court's Ruling on Defendant's Motion for Reconsideration, and Motion for Protective Order and Sanctions" on May 5, 2017. (Doc. 51). This motion insinuated that the parties were not able to come to an amicable solution on their own. The Court, therefore, entered an opinion and order granting in part and denying in part defendant and non-party the OCSO's Motion for Reconsideration on May 8, 2017. (Doc. 53). The Opinion and Order issued guidelines regarding the search of Fuhrman's iPhone. Defendant filed a response to plaintiff's motion on May 11, 2017. (Doc. 54). Plaintiff filed a reply on July 18, 2017. (Doc. 60). There, plaintiff stated that the OCSO relinquished possession of Fuhrman's phone. (Doc. 60 at PageID 575). The iPhone is now in Fuhrman's possession. (*Id.*). Plaintiff argues that the OCSO has now abandoned its claim that it must preserve evidence on the iPhone that relates to its investigation against Fuhrman. Plaintiff, therefore, asserts that the Court should vacate the provisions of the May 5, 2017 Order, Doc. 53), that relate to the OCSO. The Court agrees.

IT IS HEREBY ORDERED that the Court's order that an OCSO representative produce Fuhrman's iPhone to Mark St. Peter is VACATED.

IT IS FURTHER ORDERED that the Court's order requiring St. Peter to download a copy of the iPhone's memory and provide it to the OCSO is VACATED.

IT IS FURTHER ORDERED that the Court's order permitted the OCSO to remove the iPhone's SIM card is VACATED.

IT IS FURTHER ORDERED that the Court's order requiring the iPhone to be returned to the OCSO immediately following the examination is VACATED.

IT IS FURTHER ORDERED that the OCSO is not permitted to have a representative attend St. Peter's examination.

The remainder of the Court's Opinion and Order, (Doc. 53), stands. Plaintiff's motion for clarification, (Doc. 51), is DENIED. The clarification plaintiff sought was delivered by the Court's Opinion and Order, (Doc. 53), as well as the revisions in this order.

IT IS SO ORDERED.

Dated: August 23, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 23, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk