UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN PEARCE, individually
and as next friend of BABY B,
her infant child,

    Plaintiffs,                                                Case No. 16-cv-11499

    v.                                                      District Judge George Caram Steeh

MICHAEL EMMI,                           Magistrate Judge Mona K. Majzoub

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL AUTHORIZATION
FOR EMPLOYMENT RECORDS [50] AND GRANTING DEFENDANT'S
MOTION TO COMPEL AND ORDER SHOW CAUSE [62]**

This matter is before the Court on Defendant's Motion to Compel Executed Authorization for the Release of Plaintiff's Employment Records (docket no. 50) and Defendant's Motion to Compel and for Order to Show Cause for Failure to Comply with Subpoena (docket no. 62). This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 24.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

I.    **Background**

On April 26, 2016, Plaintiffs Megan Pearce and her infant child filed this action against Hazel Park Police Officer Michael Emmi, in his individual capacity, asserting claims under 42 U.S.C. § 1983, the Federal Wiretapping Act, and provisions of Michigan state law. (Docket no. 1.) Plaintiffs allege that in March of 2016, Defendant used a cell phone belonging to Pearce's fiancé, Cody Fuhrman, to unlawfully spy on Pearce and her infant child by accessing a home-

monitoring security camera that had been installed in Plaintiffs' home. (*Id.*) Plaintiffs contend that Defendant's alleged conduct caused them "[e]xtreme emotional trauma and suffering," and Plaintiffs seek both economic and non-economic damages as redress for the harms alleged.

## II. Motion to Compel Authorization for Release of Employment Records

On or about November 22, 2016, Defendant served on Plaintiffs' counsel a request that Plaintiff Pearce execute an authorization for the release of "any and all information which may be requested regarding [Pearce] and to allow [Defendant] or any person appointed by [Defendant] to examine or photocopy any records of [Pearce] or records which [the City of Warren] may have contained in [Pearce's] file." (Docket no. 50-3.) Plaintiff refused to execute such an authorization. (Docket no. 55, p. 2.)

Defendant requests the Court to compel Plaintiff Pearce to execute an authorization for release of her employment records from the City of Warren. Defendant asserts that the requested material is relevant to (1) Pearce's claimed economic damages, (2) whether Pearce's alleged mental anguish and emotional distress affected her employment, (3) whether Pearce took any leaves of absence due to mental illness prior to the alleged incident, (4) any statements made by Pearce regarding the incident. (Docket no. 50, pp. 5-6.)

Plaintiffs oppose the relief sought by Defendant and contend that the requested material is not relevant because Pearce does not allege that she suffered any wage loss, or that she missed any work due to emotional distress. (Docket no. 55, p. 3.)

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

2

whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id*. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Defendant advances plausible explanations for the relevance of the material sought from Pearce's employer. In light of Plaintiffs' claim of economic damages, Defendant is entitled to investigate Pearce's earning and attendance records from her employer. In addition, Defendant notes that Pearce told a psychiatrist that she was treated differently at work after the incident. (Docket no. 50-2.) Defendant should be permitted to explore whether Plaintiff's employment records substantiate this assertion.

However, the language of the authorization presented by Defendant is overly broad. This Court will not compel Plaintiff to execute an authorization for "any and all information which may be requested" regarding Plaintiff because such discovery would be disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26. Accordingly, the Court directs Plaintiff to execute a more narrowly tailored authorization for release of the following material from the City of Warren: (1) attendance and payroll records dating from one year prior to the alleged incident, and (2) records that reference the subject matter of the alleged incident and/or its impact on Plaintiff's ability to perform the duties of her position with the City of Warren.

3

**III.     Motion to Compel and Order Show Cause of Non-Party Cody Fuhrman**

Defendant's second motion seeks to compel non-party Cody Fuhrman to appear for a deposition or in the alternative to appear for a show-cause hearing. (Docket no. 62.) On July 22, 2017, Defendant's process server personally served upon Fuhrman a subpoena to appear for a deposition on August 4, 2017. (Docket no. 62-1.) Defendant contends that Mr. Fuhrman failed to appear on the time and date set by the subpoena. (Docket no. 62, ¶ 6.)

In addition, Defendant submits that Mr. Fuhrman, as the fiancé of Plaintiff Pearce and the owner of the cell phone allegedly used to access the security camera, "likely possesses relevant knowledge regarding the claims and defenses asserted." (Docket no. 62, p. 2.) Accordingly, the information sought appears to be relevant to this matter.

Rule 45 governs subpoenas and provides that a nonparty served with a subpoena may make written objections to the subpoena before the time specified for compliance under the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (citing *United States v. International Bus. Mach. Corp.*, 70 F.R.D. 700, 701–02 (S.D.N.Y.1976)).

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Executed Authorization for the Release of Plaintiff's Employment Records (docket no. 50) is **GRANTED IN PART** and **DENIED IN PART**, according to the limitations set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel and for Order to Show Cause for Failure to Comply with Subpoena (docket no. 62) is **GRANTED**. Non-party Cody Fuhrman must either appear at the Law Offices of Dean Elliot, 201 E. Fourth St., Royal

4

Oak, MI 48220, for a deposition in this matter on a mutually agreeable date not later than twenty-one days from the date of this Order or appear on November 30, 2017, at 9:30 a.m., in Room 642 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan to show cause why he should not be held in contempt of court for failing to appear in response to Defendant's subpoena.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  October 30, 2017            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: October 30, 2017             s/Leanne Hosking
                                    Case Manager Generalist