UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN PEARCE, individually
and as NEXT FRIEND of BABY B,
her infant child,

      Plaintiff,                            Case No. 16-11499

v.                                          HON. GEORGE CARAM STEEH

Hazel Park Police Officer
MICHAEL EMMI, in his individual
capacity,

      Defendant.
_____/

ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S DISCOVERY ORDER

      Before the court is Plaintiff's appeal of Magistrate Judge Mona K. Majzoub's order denying her motion to compel discovery. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine [most] pretrial matter[s] pending before the court." Parties may object to such orders within fourteen days. *See* Fed. R. Civ. P. 72(a). Upon receiving objections to a non-dispositive order, "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly

- 1 -

erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395) (1948)).

In her complaint, Plaintiff Megan Pearce alleges that Hazel Park Police Officer Michael Emmi used a cell phone belonging to Pearce's fiancé to spy on Pearce and her infant child by accessing a home security camera. Defendant obtained the cell phone through a search warrant issued in a narcotics investigation of Plaintiff's fiancé. Plaintiff seeks discovery from the Oakland County Sheriff's Office ("OCSO") in connection with any internal investigation of Defendant Emmi. Specifically, Plaintiff seeks a statement made by Emmi to OCSO investigators regarding Plaintiff's allegations. Defendant and the OCSO argue that the statement was obtained at the direction of counsel and is therefore work product. (Counsel for Defendant is also counsel for OCSO.)

Magistrate Judge Majzoub agreed that Defendant's statement is protected work product. She determined that Defendant and OCSO submitted affidavits that satisfied their burden of demonstrating that

Defendant's statement was obtained at the direction of counsel and because of anticipated litigation against Defendant and/or OSCO. She also found that Plaintiff failed to make a "showing of substantial need" for the statement.

Plaintiff objects to the magistrate's ruling, arguing that OCSO conducted an internal affairs investigation of Defendant, which should be discoverable. Defendant submitted affidavits, however, stating that no internal affairs investigation was conducted and that Emmi was interviewed at the direction of counsel after Plaintiff's complaint was filed. The court finds that the magistrate judge did not clearly err in crediting the affidavits and in concluding that Defendant's statement is protected work product. The court also does not find clear error in the magistrate judge's implicit determination that the work product privilege was not waived.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's objections (Doc. 84) to the magistrate judge's opinion and order (Doc. 83) are OVERRRULED.

Dated: August 17, 2017

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk