UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN PEARCE, individually and as
NEXT FRIEND of BABY B, her infant child,

    Plaintiffs,

v.

Hazel Park Police Officer,
MICHAEL EMMI, in his individual capacity,

    Defendant.
_____/

Case No. 16-11499

Hon. George Caram Steeh

OPINION AND ORDER REGARDING
MOTIONS IN LIMINE (ECF Nos. 112, 113, 114, 123)

The court heard argument on the parties' motions in limine on October 29, 2019, and ruled from the bench. The court expands upon the basis for its rulings below.

I.    Motion to Exclude Undisclosed Witnesses

Defendant seeks to exclude the following witnesses, who were identified by Plaintiff for the first time in the Joint Final Pretrial Order: Lori Pearce, Stephen Pearce, Tabitha Carter, Henry Pearce, Karen Fuhrman, Gere Green, Undersheriff Mike McCabe, and Sgt. Douglas Stewart. Plaintiff states that she does not plan to call Gere Green or Sgt. Stewart.

-1-

A party who fails to disclose evidence as required by Fed. R. Civ. P. 26 may be precluded from introducing that evidence at trial. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also* LR 16.2(8) ("Except as permitted by the Court for good cause a party may not list a witness unless the witness has been included on a witness list submitted under a prior order or has been deposed.").

"A noncompliant party may avoid sanction if 'there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). The Sixth Circuit considers five factors when determining whether a nondisclosure was "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 747-48.

Plaintiff contends that there is no surprise to Defendant regarding Stephen Pearce and Lori Pearce (Plaintiff's mother), who were listed on

Defendant's witness list. (ECF No. 69.) In light of Defendant's listing of these witnesses, there is no surprise to Defendant. The court finds that the failure of Plaintiff to previously list Lori Pearce or Stephen Pearce is harmless.

Plaintiff contends that Undersheriff Michael McCabe was encompassed by categories of witnesses included on Defendant's witness list: "any and all representatives, agents, current or former employees of Oakland County" and the "Oakland County Sheriff's Department." Plaintiff also argues that Tabitha Carter (Plaintiff's best friend) and Henry Pearce (Plaintiff's father), are included in the category "each and every family member, neighbor, friend, acquaintance, and/or co-worker of Plaintiff." (ECF No. 35) As for Karen Fuhrman, Plaintiff asserts that she was mentioned in deposition testimony.

General categories of witnesses do not provide sufficient notice to Defendant, nor does the mere mention of a potential witness in deposition testimony. At this late date, an attempt to cure the surprise to Defendant by allowing depositions would be disruptive to the trial and the parties' trial preparation. Plaintiff offers no justification for failing to specifically name these witnesses prior to the Joint Final Pretrial Order. Accordingly, the court finds that the failure to identify these witnesses prior to the Joint Final

Pretrial Order is neither substantially justified nor harmless. The court excludes the testimony of Tabitha Carter, Henry Pearce, Karen Fuhrman, and Undersheriff McCabe.

II. <u>Defendant's Motion to Exclude Evidence Related to the Criminal Investigation of Fuhrman</u>

Defendant seeks to exclude several broad categories of evidence as irrelevant and/or unfairly prejudicial. These include:

1. Any evidence regarding the underlying criminal investigation of Plaintiff's fiancé;
2. Any evidence challenging the affidavits in support of the search warrant requests or challenging the validity of the search warrants themselves;
3. Any evidence or allegations regarding the alleged "investigation" of Emmi by the Oakland County Sheriff's Office;
4. Any evidence regarding the asserted violation of OCSO policies and procedures;
5. Any evidence regarding Defendant Emmi removing himself from the criminal prosecution of Fuhrman; and
6. Any and all other similar evidence relating to the criminal investigation, application for search warrants, execution of search warrants, arrests, post arrest investigation, handling of evidence, and alleged violation of policies.

Defendant contends that Plaintiff's claims – violations of the Fourth Amendment, Federal Wiretapping Act, invasion of privacy, and state law eavesdropping – turn on whether Emmi accessed the Nest Cam app on Fuhrman's phone to spy on her. Defendant argues that the above categories of evidence are irrelevant to Plaintiff's claim and do not make the facts at issue "more probable or less probable." Fed. R. Evid. 401.

-4-

Defendant also argues that the probative value of such evidence is outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403.

Plaintiff responds that the evidence is relevant to Emmi's motive, credibility, and the reprehensibility of his conduct (related to punitive damages). According to Plaintiff:

> Emmi seeks to preclude: 1) that he made false statements in a search warrant affidavit; 2) that he obtained Fuhrman's phone during the execution of the warrant on Fuhrman's workshop; 3) that prior to taking Fuhrman's [phone] home the first night Emmi entered Plaintiff's home, questioned her and searched her house; 4) that he secretly removed the phone from the OCSO that first night and took it home; 5) that the next day he made false entries in the computerized evidence log so he could take the phone home a second night; 6) that he then drafted an untruthful chain of custody document to conceal the fact that he took the phone home on two different nights; that he then directed Sgt. Jennings to request search warrants seeking information about his activities with the phone under the guise of criminal investigation of Fuhrman.

Plaintiff's Br. at 5-6 (ECF No. 122).

Defendant has sought to exclude extremely broad categories of evidence. Certainly some of this evidence, as articulated by Plaintiff, is relevant to Emmi's credibility, his intent, and the reprehensibility of his conduct. The relevance, probative value, and prejudicial nature of this evidence is more appropriately assessed as it is specifically introduced in the context of the evidence presented at trial. Accordingly, the court denies

-5-

Defendant's motion without prejudice to his ability to raise specific objections at trial.

   III.   Defendant's Motion to Exclude Plaintiff's Expert

Defendant seeks to exclude or limit the testimony of Plaintiff's expert, Mark St. Peter. St. Peter is a certified computer examiner, with experience working with electronic discovery and computer forensics. He prepared a report that concluded that "the evidence supports The Phone accessed the Nest camera during the time periods that The Phone was in Detective Emmi's possession." ECF No. 114-2.

The admission of expert testimony is governed by Federal Rule of Evidence 702:

> A witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* A qualified expert may testify if his opinion is relevant and reliable. *See id.; U.S. v. Cunningham*, 679 F.3d 355, 379-80 (6th Cir. 2012).

Defendant does not challenge St. Peter's qualifications to testify as a computer forensics expert. Rather, Defendant contends that St. Peter's opinion is not based upon sufficient facts because he did not do any testing like that completed by Defendant's expert. St. Peter based his opinion on an electronic copy of the phone, AT&T records for the phone, Nest Camera records, depositions, and other evidence in the case. Although Defendant argues that St. Peter did not conduct the "necessary analysis," he does not establish that a different analysis or testing was required. As Plaintiff points out, St. Peter relied upon the same records as Defendant's expert. Although Defendant's expert also conducted some tests, it does not follow that St. Peter's testimony is inadmissible because he did not do the same testing. To the extent Defendant believes that St. Peter's opinion is flawed or that he did not take into account necessary information, he can explore these issues on cross examination. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Defendant also argues that St. Peter's testimony should be excluded because "he cannot connect the dots to opine that Fuhrman's phone was

the device that connected to the Nest cam, just that there was use by both devices during the relevant time period." Def.'s Br. at 9 (ECF No. 114). However, St. Peter's testimony can assist the trier of fact even if it does not embrace this ultimate issue. "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts of the case at hand, not that they *know* answers to all the questions a case presents – even to the most fundamental questions." *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (emphasis in original).

Defendant further argues that St. Peter's opinion relies upon inadmissible hearsay.

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

St. Peter called technical support at Nest to ask questions about the product. He testified that Nest said that access to the camera would not be

logged on the cell phone. Defendant contends that this is not reliable information because, according to his expert's testing, information regarding the use of the Nest app *is* recorded on the phone itself. Plaintiff maintains that experts may rely upon hearsay (*see* Fed. R. Evid. 403) and that computer experts frequently call technical support as part of their investigation.

St. Peter's reliance upon some hearsay information does not make his testimony inadmissible, particularly when Defendant has not articulated how the hearsay information is more prejudicial than probative. Rather, it goes to the credibility of his opinion and may be explored through cross examination.

Defendant also contends that St. Peter's testimony regarding what happens when a phone is placed in "lost mode" is speculation. Plaintiff asserts that his testimony is based upon his training and experience as a computer programmer and forensic computer examiner. Again, to the extent Defendant believes that St. Peter's analysis was flawed, he can explore that issue on cross examination. The weight and credibility to be accorded to St. Peter's opinion is a matter for the jury.

At the hearing, Defendant raised several facts upon which St. Peter may testify that Defendant contends were not in his initial report, such as

that the phone was locked out for 44 years, there was a download through iTunes on March 3, 2015, at 8:37 p.m., iTunes is the video platform for the phone, the Cellebrite report contains a crash log, the Nest app crashed at 8:37 p.m. on March 3, 2015, and placing the phone into "lost mode" affects the logging of information. Plaintiff contends that this information has been in Defendant's possession since 2018 and no supplemental opinion was necessary because St. Peter's opinion has not changed. Based upon the record before it, the court finds that Defendant's objections are without merit. Defendant has not demonstrated that supplementation was required or that it was unfairly surprised or prejudiced by this information. The court denies Defendant's motion.

IV. Plaintiff's Motion to Exclude Sorini and Young

Plaintiff seeks to exclude Defendant's experts Brian Young and Adam Sorini because they were disclosed after the deadline, which was December 12, 2016. Brian Young was disclosed on an amended witness list on September 19, 2017, and Adam Sorini was disclosed on January 19, 2018. Defendant did not seek leave of court to name these expert witnesses.

Given that Plaintiff has known about these witnesses for two years, however, her claim of surprise is not well taken. Moreover, there is no

prejudice to Plaintiff, as it appears that both witnesses have been deposed well in advance of trial.  To the extent Defendant's identification of these witnesses could be characterized as late, the court finds that it is harmless.

Plaintiff also seeks to have Sorini's supplemental report stricken. Sorini's initial report was provided on June 29, 2018.  On January 17, 2019, the court denied Defendant's motion for summary disposition and issued a new scheduling order setting trial for July 22, 2019.  On June 14, 2019, Sorini provided a supplemental report which contained a new opinion developed in response to St. Peter's declaration.  Trial was subsequently adjourned until November 5, 2019.

The court concludes that Plaintiff is not unfairly prejudiced by any new opinion by Sorini, which arguably falls into the category of rebuttal and which Plaintiff has had for several months without previous objection.  The court denies Plaintiff's motion to exclude or limit the testimony of Young and Sorini.

CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to exclude undisclosed witnesses (ECF No. 112) is DENIED IN PART as to Lori Pearce and Stephen Pearce, GRANTED IN PART as to Tabitha Carter,

Henry Pearce, Karen Fuhrman, and Undersheriff McCabe, and DENIED AS MOOT as to Gere Green and Sgt. Douglas Stewart.

IT IS FURTHER ORDERED that Defendant's motion to exclude evidence related to the underlying criminal prosecution (ECF No. 113) is DENIED WITHOUT PREJUDICE; Defendant's motion to exclude Mark St. Peter (ECF No. 114) is DENIED; and Plaintiff's motion to exclude Young and Sorini (ECF No. 123) is DENIED.

Dated: October 30, 2019

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 30, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk