UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN PEARCE, individually
and as NEXT FRIEND of BABY B,
her infant child,

                Plaintiff,                    Case No. 16-11499

v.                                   HON. GEORGE CARAM STEEH

Hazel Park Police Officer
MICHAEL EMMI, in his individual
capacity,

                Defendant.

_____/

OPINION AND ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (ECF NO. 132)

After accepting Defendant's offer of judgment, Plaintiff Megan Pearce

moves for attorney's fees pursuant to 42 U.S.C. § 1988. Defendant

Michael Emmi disputes the amount sought by Plaintiff, arguing that the

attorney fee award should be reduced based on her modest success and

her attorneys' unreasonable hours and rates. For the reasons explained

below, Plaintiff's motion is granted in part.

BACKGROUND FACTS

As set out more fully in the court's summary judgment order, Plaintiff

alleges that Defendant improperly accessed her Nest baby monitor camera

and used it to spy on her.  *See* ECF No. 104.  Plaintiff filed this action on
April 26, 2016, alleging that Defendant's video surveillance violated her
Fourth Amendment rights, the federal wiretapping statute, 18 U.S.C.
§ 2511, and the Michigan eavesdropping statute, M.C.L. 750.539, and
constituted an invasion of privacy under Michigan common law.  The
parties engaged in discovery, including substantial motion practice, and
subsequently filed summary judgment and pretrial in limine motions.
Shortly before trial, Defendant filed an offer of judgment in the amount of
$75,000, plus reasonable attorney's fees.  Plaintiff accepted the offer on
October 31, 2019.  After the parties were unable to agree to a reasonable
attorney's fee, Plaintiff filed the instant motion.

Plaintiff seeks a total award of $353,952.50, which includes:
$184,057 for Kevin Ernst (352.6 hours multiplied by an hourly rate of $522),
$151,161.30 for Dean Elliott (316.9 hours multiplied by an hourly rate of
$477), and $18,265 for jury consultation and mock trial expenses.
Defendant argues that the court should reduce Plaintiff's requested award
by 90%, to account for her relative lack of success, as well as
unreasonable hours and rates.

LAW AND ANALYSIS

A. Lodestar Analysis under § 1988

Pursuant to 42 U.S.C. § 1988, the court may, in its discretion, award the prevailing party in a § 1983 action a reasonable attorney's fee.  In this case, Defendant agreed to pay Plaintiff "reasonable attorney fees incurred as of the present date to be determined by the Court."  ECF No. 117. Pursuant to this agreement in the offer of judgment, the court determines a reasonable attorney fee, without considering the usual threshold question of whether Plaintiff is entitled to fees at all under § 1988.  *See Miller v. City of Portland*, 868 F.3d 846, 851-52 (9th Cir. 2017) (determination of a reasonable attorney's fee included in an offer of judgment does not include consideration of whether the judgment was *de minimis*, whether the plaintiff was a prevailing party, or other factors that could lead to a denial of fees); *see also Mallory v. Eyrich*, 922 F.2d 1273, 1280 (6th Cir. 1991) (offer of judgment is governed by contract principles).

A reasonable attorney's fee award is one that is  "adequate to attract competent counsel" but does not "produce windfalls to attorneys."  *Blum v. Stenson*, 465 U.S. 886, 893-94 (1984).  Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation," known as the

"lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline for determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," *Blum*, 465 U.S. at 895, defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The court also excludes hours that were not "reasonably expended." *Id.* "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434.

In calculating a reasonable fee, "district courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection' but

-4-

instead must simply to do 'rough justice.'" *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  In other words, the court may rely estimates based upon its "overall sense of a suit." *Id.*

Once the court has determined the lodestar amount, the court must consider whether that amount should be adjusted upward or downward to reflect factors such as the "results obtained" in the case.  *Hensley*, 461 U.S. at 434 (citing *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).  A reduction or denial of fees may be appropriate when a plaintiff's limited success is reflected by a *de minimis* or nominal damages award.  *Farrar v. Hobby*, 506 U.S. 103 (1992) (plaintiff who won "technical victory" of $1 not entitled to attorney's fee award).  However, "[w]hen a plaintiff wins more than mere nominal damages, a district court will often abuse its discretion by refusing to award attorney's fees."  *HLV, LLC v. Van Buren Cty.*, 784 Fed. Appx. 451, 453-54 (6th Cir. 2019).

In determining whether an adjustment to the lodestar is appropriate, the court may also consider the factors identified in *Johnson*, but the Supreme Court has noted that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a

reasonable hourly rate." *Id.* at 434 n.9.[1]

B. Reasonable Hourly Rate

The court first determines a reasonable hourly rate for both lawyers, who are civil rights attorneys.  Ernst has practiced law for 28 years, currently in a four-person firm located in downtown Detroit.  Elliott has practiced for nearly 20 years, as a solo practitioner in Royal Oak.  Both attorneys have obtained substantial verdicts in civil rights cases over the years.  Ernst requests an hourly rate of $522, while Elliott requests an hourly rate of $477.

As a starting point for determining a reasonable market rate, the court consults the State Bar of Michigan 2017 Economics of Law Practice survey.  According to the survey, the hourly rate for attorneys like Ernst, with 26 to 30 years of experience practicing civil rights law in a four-to-six-person firm in downtown Detroit, ranges from a mean of $278-$290, to $317-$400 in the 75th percentile, to $467-550 in the 95th percentile.  The

---

[1] The twelve factors outlined in *Johnson* are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Hensley*, 461 U.S. at 430 n.3.

hourly rate for attorneys like Elliott, a solo civil rights practitioner in Royal

Oak with 15 to 25 years of experience, ranges from a mean of \$252-\$290,

to \$275-\$400 in the 75th percentile, to \$375-\$485 in the 95th percentile.  In

light of the State Bar survey, the experience of the attorneys, their work

product, and the court's experience in similar cases, the court concludes

that a reasonable hourly rate is \$400 for Ernst and \$375 for Elliott, placing

both attorneys in the 75th percentile.  In addition, the court finds that rates in

the 75th percentile range, rather than the 95th percentile as requested by

Plaintiff, are more appropriate because Ernst and Elliott billed for work

often done by lower-paid associates or legal assistants in larger firms, such

as research and discovery.  *See Hubbell v. FedEx Smartpost, Inc.*, 2018

WL 1392668, at \*3 (E.D. Mich. Mar. 20, 2018), *aff'd*, 933 F.3d 558 (6th Cir.

2019).

### C. Hours Reasonably Expended

The court next considers the number of hours reasonably expended

in litigating the case.  Ernst requests compensation for 352.6 hours, Elliott

for 316.9 hours.  Defendant contends that the compensable hours should

be significantly reduced because the billing records lack specificity and

include unnecessary or duplicative hours.  Defendant also argues that

hours expended after the offer of judgment must be excluded because the offer included only "reasonable attorney fees incurred as of the present date," which was October 18, 2019.  ECF No. 117.

The court agrees that, pursuant to the offer of judgment, hours expended after October 18, 2019, must be excluded.  Although Plaintiff argues that the offer language is ambiguous, the court concludes that it cannot reasonably be read differently.  Therefore, the court will exclude 102.1 hours for Ernst, and 66.2 hours for Elliott, which represent hours billed after October 18, 2019.

Otherwise, the court finds that Elliott's time records are sufficiently detailed and reflect a reasonable number of hours expended (250.7), given the type of case and significant amount of pretrial practice conducted by him.  Although some of Elliott's time is "block billed," the descriptions contain sufficient detail to allow the court to determine that the time was reasonably expended.  As for Ernst, the court also finds that his time records are sufficiently detailed, reflecting 250.5 hours before October 18, 2019.  The court notes, however, that Ernst billed a significant amount of time for reviewing emails and the file and finds a reduction of approximately 10% appropriate to account for billing which appears redundant, given the

two experienced lawyers on the case.[2]  Accordingly, the court concludes
that 225 hours for Ernst is reasonable.

    D. <u>Adjustments to Lodestar</u>

      The lodestar amount for Elliott is 250.7 hours multiplied by the hourly
rate of $375, or $94,012.50.  The lodestar amount for Ernst is 225 hours
multiplied by the hourly rate of $400, or $90,000.  Defendant argues that
the lodestar should be reduced in light of Plaintiff's relative lack of success
and "nuisance value" settlement.  The court does not view a $75,000
settlement as nuisance value, particularly in light of the type of damages
suffered by Plaintiff, which were primarily of the emotional distress variety
rather than more specifically determinable lost wages or medical expenses.

      Further, the Supreme Court has rejected "the proposition that fee
awards under § 1988 should necessarily be proportionate to the amount of
damages a civil rights plaintiff actually recovers."  *City of Riverside v.
Rivera*, 477 U.S. 561, 574 (1986).  The Court explained that "[u]nlike most
private tort litigants, a civil rights plaintiff seeks to vindicate important civil
and constitutional rights that cannot be valued solely in monetary terms."
*Id.*; *see also Fox v. Vice*, 563 U.S. 826, 834 (2011) ("A civil rights plaintiff

---

2 This reduction also includes .8 hours for time billed when Ernst's law license was
suspended.

who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes."); *Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014) ("A rule that eliminates attorneys' fees in civil-rights cases due to the size of the damages awarded 'would seriously undermine Congress' purpose in enacting § 1988.'").  In light of the constitutional rights successfully vindicated by Plaintiff, the court discerns no basis to reduce the lodestar amount for either attorney.[3]

E. Mock Trial Expenses

Plaintiff also seeks to recover $18,625 in mock trial and jury consultant expenses.  It is within the court's discretion to allow such costs, as reasonable and necessary for effective representation, if the services "conferred a benefit to the prevailing party by helping produce a favorable result." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013) (citation omitted).  Plaintiff contends that the mock trial helped counsel identify strengths and weaknesses of the case, streamline issues, and otherwise prepare for trial.  Although Defendant argues that the mock trial did not confer a benefit because the matter was settled prior to trial, the court finds that counsel's focus on trial preparation and strategy is generally

---

[3] Although Defendant attempts to relitigate the merits in his brief, the court notes that based upon the offer, a judgment was entered against him and in favor of Plaintiff, resolving the issue of liability.

beneficial, even when a case is settled short of trial.  Plaintiff submitted

sufficient support and detail for these costs, which the court will award in its

discretion.  *See* ECF No. 137.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for

attorney's fees (ECF No. 132) is GRANTED IN PART, in the amount of

$90,000 for Kevin Ernst, $94,012.50 for Dean Elliott, and $18,625 for mock

trial and jury consultant costs.

Dated:  May 6, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 6, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---